**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BP PRODUCTS NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> RICHARD PUNTASECCA, WILLIAM PUNTASECCA, ALFRED PUNTASECCA, And ESTATE OF MILDRED PUNTASECCA <br><br> Defendant. | Civil Action No. 2:14-cv-6545-(SDW)-(SCM) <br><br> **OPINION** <br><br> June 15, 2015 |

**WIGENTON**, District Judge.

Before this Court is a Motion to Dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6) filed by Defendants Richard Puntasecca, William Puntasecca, Alfred Puntasecca and the Estate of Mildred Puntasecca (collectively "Defendants").[1]

Jurisdiction is proper pursuant to 28 U.S.C. § 1332.  Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to FED. R. CIV. P. 78.

---

[1] In the alternative, Defendants request that their Motion to Dismiss be converted to a Motion for Summary Judgment pursuant to FED. R. CIV. P. 56.

1

For the reasons stated herein, Defendants' Motion to Dismiss is **GRANTED.**

**BACKGROUND**

Plaintiff BP Products North America, Inc. ("Plaintiff") is engaged in the business of refining, marketing, and selling gasoline and petroleum products. (Compl. ¶ 3.) Defendants are the owners of the real property at issue: Block 61, Lot 2, 86-110 South River Street, Hackensack, New Jersey (the "property"). (Compl. ¶ 4.) On October 7, 2002, the parties entered into a twenty-year lease (the "lease") for the property. (Compl., Ex. 1.) To date, Plaintiff has paid $1,987,500.20 in aggregate rent to Defendants, $153,170.70 for property maintenance, $124,433.65 in broker commissions, and $459,849.77 in taxes and assessments. (Compl. ¶¶ 5a–b, 5f, 6.)

In the lease, Defendants represented, *inter alia*, that there were no liens or encumbrances on the title in favor of any governmental entity or third party. (Compl. ¶ 5g.) The lease states that should the Defendants fail to timely obtain exclusive possession of the property, Defendants "shall indemnify and hold [Plaintiff] harmless against all actual expenses and damages sustained by [Plaintiff]." (*Id.*) In that event, Plaintiff reserved all available rights and remedies, including those for "all" damages sustained and suits to obtain injunctive relief. (*Id.*) Plaintiff claims that the foregoing materially induced its entry into the lease. (*Id.* at ¶¶ 5g, 23, 25.) Plaintiff also claims that it relied on such inducements. (*Id.*)

Section 8(a) of the lease states that Plaintiff ordered a title or lien search to obtain "legible copies of all documents affecting title to the [property]." (*Id.*, Ex. 1, Sec. 8.) It guarantees that Plaintiff "shall" review such commitment within ninety days from the date of the lease and either (1) raise title objections prior to the commencement of rent payments, (2) cancel the lease, or (3) "agree to accept the title as is." (*Id.*)

Plaintiff leased the property from Defendants in order to construct a retail fuel facility and convenience store thereon. (*Id.* at ¶ 5.) Subsequently, it decided to defer development, and "did not undertake and/or complete various activities relating to such use or development, including pursuit of permits, title/lien searches and other matters incident thereto." (*Id.* at ¶ 8.)

Instead of immediate development of the property, Plaintiff entered into a sublease agreement ("sublease") with Atlantis Management Group II LLC ("Atlantis") on November 15, 2013. (*Id.*, Ex. 2.) Under the sublease, Atlantis contemplated construction of a retail fuel facility that would sell BP brand petroleum products on the property. (*Id.* at ¶ 9.)

Plaintiff contends the following: While Atlantis was pursuing development permits, Atlantis "realized that the [property was] subject to a [r]iparian rights (Tidelands) claim by the State of New Jersey applicable to approximately 75% or more of the [p]roperty . . ." (*Id.* ¶ 10.) Allegedly, Defendants "did not own or obtain or perfect legal rights to occupy or use that portion of the [property] pursuant to a grant, license, or easement from the appropriate government authority(ies)." (*Id.*) According to Plaintiff, Atlantis put Plaintiff on notice of its possible claim for monetary damages. (*Id.*)

On or about August 11, 2014, Plaintiff placed Defendants on notice of alleged misrepresentations and defaults under the lease and demanded cure without prejudice to Plaintiff's other available remedies. (*Id.*, Ex. 3.) Defendants rejected Plaintiff's notice of default and demand for cure. (*Id.* at ¶ 12, Ex. 4.)

On October 22, 2014, Plaintiff filed its Complaint, alleging: fraud and fraud in the inducement (Count I), equitable fraud (Count II), misrepresentation (Count III), breach of contract (Count IV),[2] breach of the covenant of good faith and fair dealing (Count V), unjust enrichment

---

[2] Hereinafter, the Count numbers in the Complaint are corrected for errors.

(Count VI), contractual indemnification (Count VII), and trespass (Count VIII). Compl., ¶¶ 26–61. On January 29, 2015, the parties agreed to dismiss the trespass claim (Count VIII). (Dkt. No. 12.)

Defendants filed the instant Motion to Dismiss all counts pursuant to FED. R. CIV. P. 12(b)(6).[3] In response to Plaintiff's claimed failure to obtain a title search, Defendants disclosed, as an attachment to its Motion Dismiss, documents confirming that Plaintiff had sought a title search that revealed the State of New Jersey's riparian claim. The title search occurred a year prior to the signing of the lease. (Basralian Cert., Ex. 1-A, 1-B, 1-C, and 3.)

Defendants request that, if the Motion to Dismiss were denied due to the impermissibility of the title searches as extraneous evidence at the dismissal stage, this Court should convert its Motion to Dismiss into a Motion for Summary Judgment pursuant to FED. R. CIV. P. 56. (Defs.' Reply 15.) (citing *In re Rockefeller Ctr. Prop. Inc. Securities Litig.*, 184 F.3d 280, 287 (3d Cir. 1999)).

**LEGAL STANDARD**

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

---

[3] Defendants note that Plaintiff's contractual indemnification claim cannot survive alone if all other counts are dismissed. (Defs.'s Br. 15 n.4.)

4

In considering a Motion to Dismiss under FED. R. CIV. P. 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

**DISCUSSION**

*Motion to Dismiss*

The general rule is that a district court may not consider material extraneous to the pleadings when ruling on a motion to dismiss. *In re Burlington Coat Factory*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, a court may consider a "document integral to or explicitly relied upon in the complaint . . . without converting the motion [to dismiss] into one for summary judgment." *Id.* Allowable documents include the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the plaintiff's claims are based upon these documents. *Guidotti v. Legal Helpers Debt Resolution*, 716 F.3d 764, 772 (3d Cir. 2013). Accordingly, this Court finds that the lease, attached as an exhibit to Plaintiff's

5

Complaint, is permissible and sufficient to determine whether the Complaint fails to state a claim upon which relief can be granted.

In this case, the statute of limitations bar is a valid basis for dismissal pursuant to FED. R. CIV. P. 12 (b) (6).  *See Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002); *see also Betteridge v. Genuardi's Family Markets, L.P.*, 2011 WL 5196712, at *3 (D.N.J. Oct. 31, 2011) (granting a 12(b)(6) motion to dismiss based on plaintiff's failure to justify tolling the limitations period).  In general, a cause of action accrues when a plaintiff suffers an injury and is aware of a causal relationship between the injury and the actor.  The inquiry reduces to "whether the facts presented would alert a reasonable person, exercising ordinary diligence, that he or she was injured due to the fault of another."  *Id.* (quoting *Caravaggio v. D'Agostini*, 166 N.J. 237, 765 (2001)).  The cause of action accrues where the plaintiff knows or should have known about (1) the injury and (2) the causal relationship between the injury and the defendant.  *Id.* at 513 n. 15.

Here, Plaintiff knew or objectively should have known about the riparian rights claim.  The plain terms of the lease reveal that Plaintiff conducted a title search to verify Defendants' exclusive title to the property.  (Compl., Ex. 1, Sec. 8.)  On the basis of such search, Plaintiff could have (1) raised title objections prior to the commencement of rent payments, (2) canceled the lease, or (3) "agree[d] to accept the title as is."  (*Id.*)  The fact that Plaintiff did not raise title objections prior to the commencement of payments, did not cancel the lease, and commenced payments means that Plaintiff "agree[d] to accept the title as is."  Second, even if, as Plaintiff contends, it did not conduct the title search, Plaintiff *should have* conducted the title search pursuant to the representations that

6

it had done so in the lease itself. (*See id.*) If Plaintiff had conducted the obligatory title search, Plaintiff would have known about the defect in title.[4]

This Court rejects Plaintiff's attempt to use the discovery rule to delay the beginning of the statute of limitations. Pursuant to the discovery rule, the statute of limitations may be postponed to the point at which a plaintiff becomes aware of the injury or its cause. The rule applies when "a party is reasonably unaware either that he has been injured, or that the injury is due to the fault or neglect of an identifiable individual or entity." *Caravaggio*, 166 N.J. at 245–46. As shown above, Plaintiff knew or should have known of the defect in title. As such, Plaintiff's purported lack of awareness of either the injury or its cause is unpersuasive.

This Court finds that the statute of limitations has lapsed. Because Plaintiff knew or should have known about the injury at the time of signing the lease, the statute of limitations began to run at that point. The lease was signed on October 7, 2002. (Compl., ¶ 4.) The Complaint was filed on October 22, 2014. (*Id.*) Under New Jersey law, the statute of limitations for each of Plaintiff's claims is six years. N.J. Stat. Ann. § 2A:14-1 (West) (listing the limitations period for trespass to real property, tortious injury to the rights of another, recovery on an express or implied contractual claim or liability, and fraud). Thus, Plaintiff's above claims are time-barred, and as a result its contractual indemnification claim (Count VII) has no basis for proceeding.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss the Complaint is **GRANTED** as to all Counts. An appropriate order follows.

---

[4] Because this Court bases its decision on facts from the Complaint and the lease attached to the Complaint, it need not consider the extrinsic documents attached to Defendants' Motion to Dismiss. (Basralian Cert., Ex. 1-A, 1-B, 1-C, and 3.)

s/ Susan D. Wigenton, U.S.D.J.

| | |
|---|---|
| Orig: | Clerk |
| cc: | Steven C. Mannion, U.S.M.J. |
| | Parties |